# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-1899V

| | | |
|---|---|---|
| BRUCE A. LING, JR., | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: August 12, 2025 |
| v. | * | Reissued for Public Availability: December 5, 2025 |
| SECRETARY OF HEALTH AND HUMAN SERVICES | * | |
| Respondent. | * | |

*Bruce A. Ling, Jr.*, Tallahassee, Fl, *pro se* Petitioner.

*Emilie Williams*, U.S. Department of Justice, Washington, DC, for Respondent.

## ENTITLEMENT DECISION AND ANTI-FILING ORDER[1]

This matter was initiated on November 1, 2024. In it, Bruce A. Ling, Jr. seeks compensation under the National Vaccine Injury Compensation Program (the "Program"). Petition (ECF No. 1) at 1. Mr. Ling alleges he developed Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine he received in November 2011.

Facially, the claim is untimely. Any GBS onset even one-year post-vaccination (a timeframe highly unlikely to be deemed medically acceptable for a vaccine-related injury) would mean the claim accrued in *the fall of 2012*—over 12 years ago, and hence well after the expiration of the three-year statute of limitations for Vaccine Act claims.

Moreover, since 2014, Mr. Ling has filed four cases in the United States Court of Federal Claims/Office of Special Masters arising from the *same* underlying facts concerning alleged

---

[1] Pursuant to Vaccine Rule 18(b), this Decision was initially filed on August 12, 2025, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the court's website.

injuries he suffered as a result of an influenza ("flu") vaccine he received. Not counting the present matter, those cases include:

- *Ling v. Sec'y of Health & Hum. Servs.*, No. 14-1017, 2017 WL 3814649 (Fed. Cl. Spec. Mstr. July 21, 2017) (denying compensation for inability to substantiate petitioner's alleged vaccine injury, or any cognizable injury);

- *Ling v. Sec'y of Health & Hum. Servs.*, No. 18-858V, No. 2019 WL 2606774 (Fed. Cl. Spec. Mstr. May 21, 2019) (dismissing petitioner's claim for failure to provide evidence substantiating the assertion that he suffered from GBS following his November 2021 vaccination), *mot. for rev. den'd*, 145 Fed. Cl. 778 (2019); and

- *Ling v. Sec'y of Health & Hum. Servs.*, No. 20-61V, 2021 WL 3913935 (Fed. Cl. Spec. Mstr. Aug. 17, 2021), *appeal dismissed*, No. 2023-1072, 2023 WL 8447276 (Fed. Cir. Dec. 6, 2023).

Following a review of Petitioner's previously dismissed cases, I issued an order directing Petitioner to show cause why his *fourth* claim should not be dismissed for an inability to substantiate, via medical records or treater statements, his alleged vaccine-related injury. *See* Order, dated May 14, 2025 (ECF No. 13). Petitioner filed his response on June 5, 2025. Response, (ECF No. 14) ("Br."). In it, Petitioner argued that "his constitutional right to due process has been repeatedly violated in prior dismissed cases," and that he "has consistently submitted evidence showing symptoms following [his] November 20[21] influenza vaccination while incarcerated." Br. at 2. Moreover, Petitioner maintains that "the absence of a formal GBS diagnosis should not be dispositive in light of corroborating circumstantial and testimonial evidence." *Id.* at 4.

On July 14, 2025, Respondent filed a brief reacting to Petitioner's Response. *See* Respondent's Response, dated July 14, 2025 (ECF No. 16) ("Opp."). Respondent argues that the Petition is not only untimely, but fails on the merits because Petitioner has not submitted any medical records, expert opinions, or any other evidence that would substantiate a diagnosis of GBS. Opp. at 3. He further maintains that Petitioner's word alone "is insufficient to establish a diagnosis of GBS" and entitle him to compensation. *Id.* [2]

To receive compensation in the Vaccine Program, a petitioner must prove either: (1) that he suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of the vaccinations in question within a statutorily prescribed period of time or, in the alternative, (2) that his illnesses were actually caused by a vaccine (a "Non-Table Injury"). *See* Sections 13(a)(1)(A), 11(c)(1), and 14(a), as amended by 42 C.F.R. § 100.3; §

---

[2] On August 5, 2025, Petitioner filed a reply in further support of his Show Cause reaction. Reply, dated August 5, 2025 (ECF No. 17). But the reply is nonresponsive to my May Order, repeats prior arguments, and otherwise offers nothing that would support allowing the claim to continue.

11(c)(1)(C)(ii)(I); *see also Moberly v. Sec'y of Health & Hum. Servs.*, 592 F.3d 1315, 1321 (Fed. Cir. 2010); *Capizzano v. Sec'y of Health & Hum. Servs.*, 440 F.3d 1317, 1320 (Fed. Cir. 2006).

Vaccine Program petitioners bear a "preponderance of the evidence" burden of proof. Section 13(1)(a). That is, a petitioner must offer evidence that leads the "trier of fact to believe that the existence of a fact is more probable than its nonexistence before [he] may find in favor of the party who has the burden to persuade the judge of the fact's existence." *Moberly*, 592 F.3d at 1322 n.2; *see also Snowbank Enter. v. United States*, 6 Cl. Ct. 476, 486 (1984) (mere conjecture or speculation is insufficient under a preponderance standard). Proof of medical certainty is not required. *Bunting v. Sec'y of Health & Hum. Servs.*, 931 F.2d 867, 873 (Fed. Cir. 1991). In particular, a petitioner must demonstrate that the vaccine was "not only [the] but-for cause of the injury but also a substantial factor in bringing about the injury." *Moberly*, 592 F.3d at 1321 (quoting *Shyface v. Sec'y of Health & Hum. Servs.*, 165 F.3d 1344, 1352–53 (Fed. Cir. 1999)); *Pafford v. Sec'y of Health & Hum. Servs.*, 451 F.3d 1352, 1355 (Fed. Cir. 2006). A petitioner may not receive a Vaccine Program award based solely on his assertions; rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1).

This matter is grossly untimely, and is properly dismissed on those grounds alone. But in addition, Petitioner has not provided any sufficient persuasive evidence, such as medical records, treater statements, or expert input, establishing that the alleged injury that Petitioner experienced could have been caused by the vaccination received (*see* § 11(c)(1)(D)(i)). Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

In addition, I note that Petitioner's repeated filings and submissions offer indicia of frivolousness and a pattern of harassment. *See Hemphill v. Kimberly-Clark Corp.*, Case No. 2010-1047 (Fed. Cir. May 4, 2010) (finding that patterns of behavior, as well as the number and the content of filings, may be indicia of frivolousness and harassment); *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988). Under the standard established by the United States Court of Appeals for the District of Columbia in *In re Powell*, these indicia include both the number of case filings and their lack of merit. *Id.* Therefore,

**IT IS ORDERED** that Petitioner's claim is hereby **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision[3];

**IT IS FURTHER ORDERED** that Petitioner is immediately enjoined from filing any new petition in the United States Court of Federal Claims without an order from the Court granting him leave to file;

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

**IT IS FURTHER ORDERED** that if Petitioner seeks to file a new petition, he shall submit a Motion for Leave to File that explains how the new petition is timely and involves new matters not previously raised in any prior proceedings in this Court. Any Motion for Leave to File a new petition must include as an attachment a full petition that meets all the requirements of Vaccine Rule 2; and

**IT IS FURTHER ORDERED** that the Clerk of Court shall reject all future petitions and correspondence from Petitioner unless filed by leave of the Court.

A copy of this Order shall be sent via certified mail to the following address:

Bruce A. Ling, Jr.
2236 David & Sibbie Lane
Tallahassee, FL 32317

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master