# In the United States Court of Federal Claims

No. 24-1899
Filed: September 29, 2026
Reissued: October 22, 2026[1]

BRUCE LING,

*Petitioner*,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

*Respondent*.

Bruce Ling, pro se.

Emilie F. Williams, Trial Attorney, Torts Branch, Civil Division, United States Department of Justice, Washington, DC, for Respondent.

**OPINION AND ORDER**

Petitioner Bruce Ling believes that an influenza vaccination that he got in November 2011 caused him to develop Guillain-Barré Syndrome ("GBS"). ECF No. 1 at 1–2. At the time, he was incarcerated in a Florida correctional institution. *Id.* He contends that he did not get proper care from the institution's staff and that he has suffered medical issues ever since. This is not Mr. Ling's first attempt to claim a vaccine injury from this vaccination; he has filed three prior petitions with the Vaccine Injury Compensation Program seeking to recover for injuries he claims to have suffered because of the 2011 influenza vaccination. Two of those petitions resulted in final judgments on the merits denying his claims. The question before the court is whether his fourth claim is timely under the Vaccine Act and supported by preponderant evidence. It is not. Mr. Ling's petition came 13 years after the vaccination, and 12 years after the latest possible onset of symptoms. But Congress requires a petition be filed within three

[1] Vaccine Rule 18(b) affords each party fourteen days in which to move to redact portions of this Opinion and Order. Because Mr. Ling has stated that he has not received documents in a timely manner, the court allowed more than fourteen days to propose redactions. Because no redactions have been proposed, the court reissues the opinion and order in its entirety.

years of the onset of symptoms. Thus, the court sustains the Chief Special Master's dismissal of Mr. Ling's petition.

## I. Background

### A. Prior petitions for compensation

In 2014, Mr. Ling filed a petition claiming that the "influenza vaccine administered to him on November 8, 2011, caused him to suffer an adverse reaction, manifested as a fever, light-headedness, difficulty breathing, heart fluttering, and left side jaw clenching." *Ling v. Sec'y of Health & Hum. Servs.*, No. 14-1017, 2017 WL 3814649, at *1 (Fed. Cl. July 21, 2017) (hereafter "*Ling I*"). The special master considered that Petitioner was proceeding pro se and that Florida had not always met its duty of care to prisoners. *Id.* at *2 (citing litigation regarding medical treatment to prisoners in Florida). In the end, the special master concluded that Petitioner failed to prove his claim by a preponderance of the evidence. "Inside and outside prison, Mr. Ling has told many doctors that he believes the flu vaccine harmed him. However, the doctors have not substantiated his belief." *Id.* at *4. Petitioner did not seek review of that decision.

Mr. Ling filed another petition in 2018. Like his first petition, this one sought compensation for claimed injuries resulting from Mr. Ling's November 8, 2011, influenza vaccination. In the 2018 case, Mr. Ling filed the same petition as he did in his 2014 case, but "Mr. Ling supplemented the 2018 petition with some hand-written additions to the original petition. He adds 'GBS' to his list of post-vaccination symptoms." *Ling v. Sec'y of Health & Hum. Servs.*, No. 18-858V, 2019 WL 2606774, at *2 (Fed. Cl. May 21, 2019) (hereafter "*Ling II*"). He also asserted that the 2018 petition was timely because of amendments to the Vaccine Injury Table ("Table") that "'significantly increase[d] the likelihood of obtaining compensation.'" *Id.* at *6 (quoting 42 U.S.C. § 300aa-16(b)). The special master dismissed the 2018 petition because of the Vaccine Act's single petition rule, which provides that "[o]nly one petition may be filed with respect to each administration of a vaccine." 42 U.S.C. § 300aa-11(b)(2). This court sustained that dismissal, concluding that the court lacked subject-matter jurisdiction under 28 U.S.C. § 1500 because Mr. Ling had a case pending in district court regarding the same injuries. *Ling v. Sec'y of Health & Hum. Servs.*, 145 Fed. Cl. 778, 785 (2019).

In 2021, Mr. Ling filed another petition claiming that his November 8, 2011, vaccination caused him to develop GBS. The special master concluded that "Mr. Ling has not presented evidence showing that he suffered from GBS." *Ling v. Sec'y of Health & Hum. Servs.*, No. 20-61V, 2021 WL 3913935, at *4 (Fed. Cl. Aug. 17, 2021) (hereafter "*Ling III*"). In fact, the doctor treating Mr. Ling declined to diagnose him with GBS and one of the nurse practitioners concluded he did not have GBS. *Id.* The special master concluded: "Regardless of the sincerity of Mr. Ling's belief, the opinion of a lay person, not trained in medical diagnosis, cannot serve as the basis for a special master's finding regarding diagnosis." *Id.* (citing 42 U.S.C. § 300aa–13(a)(1)). This court dismissed Mr. Ling's petition for review as untimely, but concluded that even if Mr. Ling had timely filed for review, the special master's decision was not arbitrary or capricious, and the Federal Circuit dismissed his appeal of this court's decision. *See Ling v. Sec'y of Health & Hum. Servs.*, No. 2023-1072, 2023 WL 8447276, at *3 (Fed. Cir. Dec. 6, 2023) (hereafter "*Ling IV*").

### B. Mr. Ling's current compensation claim.

Mr. Ling now brings his fourth petition for compensation for the same November 2011 influenza vaccination. He contends that "[w]hile incarcerated in a Florida state prison, the petitioner received an influenza vaccine and subsequently experienced severe adverse reactions, including symptoms consistent with Guillain-Barré Syndrome (GBS)." ECF No. 1 at 2. He claims that prison staff "failed to adequately diagnose or treat" him, thus denying him "necessary medical care and treatment." *Id.* Mr. Ling acknowledges his prior petition in *Ling I*, stating that *Ling I* "was dismissed due to the absence of a formal diagnosis from prison medical staff." *Id.* at 2.[2]

Mr. Ling also contends that the doctors outside the prison system, including Dr. Hantz Hercule, his treating doctor discussed in *Ling III*, "exhibited a lack of understanding regarding vaccine injuries and refused to provide appropriate treatment and diagnosis." *Id.* at 3. As the special master explained in *Ling III*, Dr. Hercule declined to diagnose Mr. Ling with GBS. *Ling III*, 2021 WL 3913935, at *1. Mr. Ling believes that Dr. Hercule obstructed Mr. Ling's "efforts to seek proper medical care" because Dr. Hercule refused to allow Mr. Ling to record their appointment. ECF No. 1 at 3.[3] Mr. Ling contends that these doctors' conduct "indicate a pattern of negligence and collusion to deny the petitioner his rights to appropriate medical care." *Id.*

After an initial conference, the Chief Special Master issued an order to show cause why the case should not be dismissed as untimely. ECF No. 13 at 1. This order also recognized that Mr. Ling had filed three prior petitions for the same underlying facts and the same vaccination. *Id.* The Chief Special Master thus ordered Mr. Ling to respond and gave the Respondent a chance to respond as well. *Id.* at 2.

On August 12, 2025, the Chief Special Master denied relief and issued an anti-filing order. ECF No. 18. He concluded that Mr. Ling's claim was untimely because the longest medically acceptable time for onset of symptoms for GBS was one year, meaning that Mr. Ling's claim accrued no later than November 2012. *Id.* at 1. Thus, the Vaccine Act's three-year statute of limitations barred Mr. Ling's claim. He also noted that this is the fourth claim that Mr. Ling has filed for the same vaccination. *Id.* at 2. In the end, the Chief Special Master concluded that the petition is untimely and that Mr. Ling had not provided sufficient evidence to establish his entitlement to relief. *Id.* at 3.

The Chief Special Master also concluded that "Petitioner's repeated filings and submissions offer indicia of frivolousness and a pattern of harassment." *Id.* (citing *Hemphill v.*

---

[2] As explained above, this is not the special master's entire rationale. Rather, he concluded that no prison doctor or other doctor independent of the prison system agreed with Mr. Ling that the influenza vaccine caused him harm.

[3] The special master explained that Florida is a two-party consent state, meaning that both parties to a recording must consent to it. *Ling III*, 2021 WL 3913935, at *2 n.3 (citing F.S.A. § 934.03). Dr. Hercule did not consent to such recording, making the recording potentially a criminal offense. The special master, however, considered the recording and concluded that it did not support a claim that Mr. Ling had GBS. *Id.* at *2.

*Kimberly-Clark Corp.*, 374 F. App'x 41 (Fed. Cir. 2010)). The order then enjoins Mr. Ling from filing "any new petition" in this court without leave of the court, requires Mr. Ling to include in a motion for leave an explanation of the new petition's timeliness and that it does not concern matters already raised in prior court pleadings, and directing the Clerk to "reject all future petitions and correspondence from Petitioner unless filed by leave of the Court." ECF No. 18 at 4.

On September 15, 2025, the court docketed Mr. Ling's motion to reconsider the Chief Special Master's decision. ECF No. 19. According to a docket entry, the court received this filing on September 11, 2025. On September 22, 2025, the Chief Special Master denied reconsideration, ECF No. 23, and the Clerk entered judgment pursuant to the Chief Special Master's decision, ECF No. 21. Also on the 22nd, the Chief Special Master rejected a duplicate filing of the motion to reconsider. ECF No. 23.

Mr. Ling then filed a notice of appeal with the Office of Special Masters, which the Clerk's Office received on October 23, 2025. ECF No. 24-1. The Chief Special Master rejected this filing on November 7, 2025. ECF No. 24. On November 24, 2025, Mr. Ling filed a motion to clarify and to accept the notice of appeal as timely filed. ECF No. 25. He sought clarification of the defect notice and for the court to accept the notice of appeal as timely filed. On December 5, 2025, Mr. Ling filed his notice of appeal in the Federal Circuit. ECF No. 26. The Federal Circuit dismissed Mr. Ling's appeal for lack of jurisdiction because he had not sought review in this court before filing his notice of appeal. *Ling v. Sec'y of Health & Hum. Servs.*, No. 2026-1226, 2026 WL 456838, at *1 (Fed. Cir. Feb. 18, 2026) (hereinafter "*Ling V*"). The Federal Circuit also instructed its Clerk to transmit Mr. Ling's filings in that court to this court's Clerk so this court could "consider whether Mr. Ling's notice of appeal (or, alternatively, his previous motion for reconsideration) can be construed as a motion for review under 42 U.S.C. § 300aa-12(e)(1)." *Id.* Before the circuit's mandate issued, Mr. Ling filed a motion to construe his motion to reconsider as a petition for review. ECF No. 30. The Secretary moves to dismiss because Mr. Ling did not file a timely petition for review, and, even if timely, his claims are untimely and violate the single petition rule. ECF No. 34.

## II. Jurisdiction and Standard of Review

After the special master renders a decision, a party may seek review in this court. 42 U.S.C. § 300aa-12(e)(1). The filing of a motion for review gives this court jurisdiction "to undertake a review of the record of the proceedings." *Id.* § 300aa-12(e)(2). The Vaccine Act allows the court to do one of the following:

> (A) uphold the findings of fact and conclusions of law of the special master and sustain the special master's decision,
>
> (B) set aside any findings of fact or conclusion of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law, or

(C) remand the petition to the special master for further action in accordance with the court's direction.

*Id.* This court reviews the decisions of the special masters to determine whether "any findings of fact and conclusion of law . . . [are] arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* § 300aa-12(e)(2)(B).

The arbitrary or capricious review of a special master's findings of fact is a "highly deferential standard of review." *Hodges v. Sec'y of Health & Hum. Servs.*, 9 F.3d 958, 961 (Fed. Cir. 1993); *Munn v. Sec'y of Health & Hum. Servs.*, 970 F.2d 863, 889 (Fed. Cir. 1992); *see Lampe v. Sec'y of Health & Hum. Servs.*, 219 F.3d 1357, 1360 (Fed. Cir. 2000) (explaining the court must "uphold a special master's findings unless the court concludes that those findings are arbitrary or capricious"). Under that standard, this court does not "reweigh the factual evidence, assess whether the special master correctly evaluated the evidence, or examine the probative value of the evidence or the credibility of the witnesses" because "these are all matters within the purview of" the special master as the fact finder. *Porter v. Sec'y of Health & Hum. Servs.*, 663 F.3d 1242, 1249 (Fed. Cir. 2011); *Munn*, 970 F.2d at 871. In other words, this court does not "second guess the Special Masters fact-intensive conclusions." *Hodges*, 9 F.3d at 961. "If the special master has considered the relevant evidence of record, drawn plausible inferences and articulated a rational basis for the decision, reversible error will be extremely difficult to demonstrate." *Hines ex rel. Sevier v. Sec'y of Health & Hum. Servs.*, 940 F.2d 1518, 1528 (Fed. Cir. 1991); *see Lampe*, 219 F.3d at 1362 (describing a special master's evaluations of credibility and persuasiveness to be "virtually unchallengeable on appeal").

## III. Discussion

### A. Timeliness of Mr. Ling's petition for review.

The court begins with the Federal Circuit's decision, which directed the notice of appeal transferred to this court so that this court may determine whether it or Mr. Ling's motion for reconsideration may be considered a timely petition for review in this court under 42 U.S.C. § 300aa-12(e). *Ling V*, 2026 WL 456838, at *1. As this court explained in *Ling III*, the Federal Circuit has held that the timely filing of a petition for review of a special master's decision is a jurisdictional requirement. Case No. 20-61, ECF No. 38 at 5. That said, the circuit has since indicated that the timeliness requirement may be a claims processing rule rather than a jurisdictional requirement. *Ling IV*, WL 8447276, at *2 n.2.

#### 1. <u>Mr. Ling's motion for reconsideration would have been a timely motion for review.</u>

The court starts with the language of the statute: "Upon issuance of the special master's decision, the parties shall have 30 days to file with the clerk of the United States Court of Federal Claims a motion to have the court review the decision." 42 U.S.C. § 300aa-12(e)(1). The Chief Special Master issued his decision on August 12, 2025. ECF No. 18. That meant that a motion

for review in this court was due September 15, 2025.[4] The clerk docketed Mr. Ling's motion to reconsider on September 15, 2025, which means it was a timely filing under § 300aa-12(e).

Timeliness also supports the conclusion that the motion for reconsideration was a motion for review by this court rather than reconsideration by the Chief Special Master. Vaccine Rule 10(e) requires a motion to reconsider be filed within 21 days of a special master's decision. Mr. Ling's motion, however, was filed 30 days after the order, meaning it was untimely as a motion to reconsider but was timely as a motion for review.

2. Liberally construed, Mr. Ling's motion for reconsideration moves to have the court review the Chief Special Master's decision.

To seek review in this court, Mr. Ling was required to file with the clerk's office "a motion to have the court review the decision." 42 U.S.C. § 300aa-12(e)(1). The Government is correct that there are differences between a motion to reconsider under Vaccine Rule 10(e) and a motion for review under the Act and Vaccine Rule 23. The standards of review are different and the relief available is different. That is not in dispute, but it does not answer the question.

Mr. Ling filed his motion for reconsideration under both Vaccine Rule 10(e) and RCFC 59, ECF No. 20 at 1, supporting the view that he was seeking this court's review of the Chief Special Master's order. He also asked this court to reconsider its decision and vacate the anti-filing order. *Id.* And he raised specific challenges to the Chief Special Master's decision, including the consideration of evidence, the opportunity to be heard, equitable tolling, and the anti-filing order. *Id.* at 2–5.

This court would normally hold Mr. Ling to his choice—i.e., he specifically chose to file a motion for reconsideration and did not file a motion for review. And he explicitly relies upon Vaccine Rule 10, which provides that "[t]he filing of a motion for reconsideration will not toll the 30-day period for filing a motion for review pursuant to Vaccine Rule 23." Vaccine Rule 10(e)(3)(B); *see also* Vaccine Rule 23 ("The filing of a motion for reconsideration will not toll this 30-day period.").

This case is different. Mr. Ling contends that the "Anti-Filing Act [sic] caused confusion as to what petitioner could actually file for relief," ECF No. 36 at 4, and that he filed for reconsideration due to "confusion arising from the Anti-Filing order," *id.* at 5. The anti-filing order enjoined Mr. Ling "from filing any new petition in the United States Court of Federal Claims without an order from the Court granting him leave to file." ECF No. 18 at 3. And if Mr. Ling sought to file a new petition, the anti-filing order required him to "submit a Motion for Leave to File that explains how the new petition is timely and involves new matters not previously raised in any prior proceedings in this Court." *Id.* at 4. It also directed the Clerk of

[4] Thirty days from August 12, 2025, was September 11, 2025. Because Mr. Ling was served by U.S. Mail, he was afforded three extra days to file, Vaccine Rule 19(c), which meant that his motion was due on Sunday, September 14, 2025. Because the deadline was Sunday, the motion was due on the next business day—Monday, September 15, 2025. Vaccine Rule 19(a)(1)(C).

Court to "reject all future petitions and correspondence from Petitioner unless filed by leave of the Court." *Id.*

Mr. Ling clearly understood the anti-filing order to prohibit him from seeking review with this court or the Federal Circuit. In his motion, Mr. Ling sought to have the anti-filing order vacated or modified so that he could seek such review. ECF No. 20 at 4. Given that Mr. Ling is not an attorney and had no notice of the anti-filing order in advance, the court understands his confusion. Thus, the court concludes that his motion for reconsideration, although filed under the wrong rule, substantively sought this court's review of the dismissal of his petition in the only way Mr. Ling thought was left open to him under the anti-filing order.

For these reasons, the court concludes that Mr. Ling's motion for reconsideration, ECF No. 20, is properly construed as a timely motion for review in this court under Vaccine Rule 23.[5] And because there was a timely motion for review, the court vacates the judgment entered on September 22, 2025, ECF No. 21. *See* Vaccine Rule 11(a) ("If a motion for review under Vaccine Rule 23 is not filed within 30 days after either the filing of the special master's decision under Vaccine Rule 10 or the entry of an order of dismissal under Vaccine Rule 21(b), the clerk will enter judgment immediately.").

### B. The Chief Special Master rationally dismissed the petition but abused his discretion by issuing the anti-filing order.

Having concluded that Mr. Ling filed a timely motion for review in this court, the court turns to the Chief Special Master's order. The court begins where the prior discussion ended, with the anti-filing order. Under binding precedent, the court must vacate that order because it was issued without notice or opportunity to be heard. The court then turns to the dismissal of Mr. Ling's petition as untimely and for failing to establish his injury. Here the court sustains the Chief Special Master's dismissal because the petition is both untimely and the Chief Special Master reasonably concluded that Mr. Ling failed to establish his entitlement to recover.

#### 1. <u>The Chief Special Master was required to provide notice and an opportunity to be heard before issuing the anti-filing order.</u>

The Chief Special Master's decision includes a determination that "Petitioner's repeated filings and submissions offer indicia of frivolousness and a pattern of harassment." ECF No. 18 at 3 (citing *Hemphill* 374 F. App'x at 45). He then found that under the standards of the D.C. Circuit, such indicia included the number of Mr. Ling's filings and their lack of merit. *Id.* (citing *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)). As a result, he issued the anti-filing order discussed above.

The Chief Special Master abused his discretion because he did not provide notice of his intent to issue (or even the possibility of) an anti-filing order nor an opportunity for Mr. Ling to be heard before issuing the order. Federal Circuit precedent is clear: "we hold that before a trial

---

[5] Because the court concludes that the motion for reconsideration is properly construed as a timely motion for review, the court does not consider whether the notice of appeal or other filing could also be construed as a motion for review in this court.

court may impose an anti-filing injunction, the litigant *must* be provided with notice that such a sanction is being considered and an opportunity to be heard on the question of whether it should be imposed." *Allen v. United States*, 88 F.4th 983, 988 (Fed. Cir. 2023) (emphasis added). Because Mr. Ling had no notice of a potential anti-filing injunction nor an opportunity to be heard on whether it should be issued, *Allen* compels this court to vacate the anti-filing injunction.

It is also unclear why the Chief Special Master relied upon *In re Powell* rather than *Allen*—given that *In re Powell* is a D.C. Circuit case that is not binding on this court while *Allen* is binding on this court. It is true that in *Hemphill* the Federal Circuit applied *In re Powell*, but that was because *Hemphill* was a patent case that arose from the United States District Court for the District of Columbia. In such cases, the Federal Circuit applies the law of the regional circuit in which a case arose to matters not within the Federal Circuit's exclusive jurisdiction. *See, e.g.*, *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 803 (Fed. Cir. 2000) ("In reviewing district court judgments, [the Federal Circuit] appl[ies] the law of the circuit in which the district court sits with respect to nonpatent issues, but [the Federal Circuit] appl[ies] our own law to issues of substantive patent law."). Even so, *In re Powell* itself *requires* notice and an opportunity to be heard before entering an anti-filing order, which the Chief Special Master did not give in this case. *In re Powell*, 851 F.2d at 431 ("Due process *requires* notice and an opportunity to be heard and the standard for measuring the adequacy of these procedural protections increases in proportion to the significance of the interest at stake.") (emphasis added) (citation omitted). Thus, the anti-filing order in this case fails to meet the standard of *In re Powell* as well as *Allen*.

To be clear, this court is not condoning Mr. Ling's continuing to file petitions even though his claims have been heard and tried to final judgment on the merits twice before. To the contrary, this court has issued an anti-filing injunction (after proper notice) barring a plaintiff who filed numerous lawsuits for the same relief and proclaimed his intention to continue doing so until he was satisfied with the result. *E.g.*, *Mohn v. United States*, No. 21-922, 2021 WL 5122006, at *6-7 (Fed. Cl. Nov. 4, 2021). Once this case reaches final conclusion (either through this opinion or a Federal Circuit opinion if Mr. Ling chooses to appeal), if Mr. Ling is unhappy with the conclusion he will likely face difficulty trying to bring another petition based on his 2011 vaccination. The Office of Special Master may well deny a future petition to proceed in forma pauperis under 28 U.S.C. § 1915, it may dismiss under the one petition rule or claim preclusion, and it may issue an anti-filing injunction after proper notice.[6] Nothing in this

[6] As the Chief Special Master noted, this is Mr. Ling's fourth petition for compensation relating to the same November 2011 vaccination. The Chief Special Master correctly observed that these filings concerned the same alleged injuries that resulted from a single administration of an influenza vaccine. *See* ECF No. 18 1–2 ("since 2014, Mr. Ling has filed four cases in the United States Court of Federal Claims/ Office of Special Masters arising from the *same* underlying facts concerning alleged injuries he suffered as a result of an influenza ('flu') vaccine he received.") (emphasis in original). As explained by the Federal Circuit in *Ling IV*, "Ling has filed three *pro se* petitions under the Vaccine Act, each alleging injuries from the same November 2011 flu vaccination." *Ling IV,* 2023 WL 8447276, at *1. This raises two related problems that the Secretary believe warrant dismissal.

First, Mr. Ling's prior cases raise claim preclusion issues. Claim preclusion provides that when a prior lawsuit between the same parties is decided on the merits, a subsequent lawsuit

order will prevent that. The only thing this order does is vacate the August 12, 2025, anti-filing order because the Chief Special Master provided no notice or opportunity to be heard before he issued it.

2. <u>This petition is untimely.</u>

The Chief Special Master concluded that Mr. Ling's petition is "grossly untimely" because it comes thirteen years after his vaccination and twelve years after the latest possible (even though medically unlikely) date his symptoms would have begun. ECF No. 18 at 1, 3.

The Vaccine Act requires that any petition for compensation based on a vaccine injury be brought within thirty-six months of the date of the first symptom's onset or "the significant aggravation" of such an injury. 42 U.S.C. § 300aa-16(a)(2). "The statute of limitations in the Vaccine Act begins to run on the date of occurrence of the first symptom or manifestation of onset of the vaccine-related injury for which compensation is sought, and the symptom or manifestation of onset must be recognized as such by the medical profession at large." *Cloer v. Sec'y of Health & Hum. Servs.*, 654 F.3d 1322, 1335 (Fed. Cir. 2011). A petition for compensation brought more than thirty-six months after the onset of symptoms or the manifestation of the injury is expressly barred by the Vaccine Act. *Markovich v. Sec'y of Health & Hum. Servs.*, 477 F.3d 1353, 1357 (Fed. Cir. 2007) (citing 42 U.S.C. § 300aa-16(a)(2)).

Mr. Ling claims in his November 2024 petition that a flu vaccination he got in November 2011 caused his GBS. ECF No. 1 at 1–2. As the Chief Special Master explained, the longest medically acceptable time for onset of GBS symptoms was likely less than one year. ECF No.

---

based on the same cause of action is barred. *E.g.*, *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1362-63 (Fed. Cir. 2000). For claim preclusion to apply, three things must be true: "(1) there is identity of parties (or their privies); (2) there has been an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as the first." *Id*. at 1362. While these factors likely justify dismissal in this case based on *Ling I* and *Ling III*, which address the same set of facts as this case and were resolved on the merits, the court does not dismiss for claim preclusion because the Chief Special Master did not do so and such a determination is not necessary for this court to resolve the present motions.

Second, Mr. Ling's continued filings run afoul of the one petition rule. The Vaccine Act provides that "[o]nly one petition may be filed with respect to each administration of a vaccine." 42 U.S.C. § 300aa-11(b)(2). Applying this provision, the Federal Circuit has held that person who filed a vaccine injury claim and then died could not (through his estate) file a claim for death compensation under the Vaccine Act because that would be a second petition that the Vaccine Act prohibits. *Zatuchni v. Sec'y of Health & Hum. Servs.*, 516 F.3d 1312, 1322 (Fed. Cir. 2008). Here too, the court does not dismiss on this basis because the Chief Special Master did not do so and such a determination is not necessary for this court to resolve the present motions.

18 at 1. So even if the flu vaccine Mr. Ling received did injure him, his claim accrued no later than November 2012. *Id.* His claim is untimely under 42 U.S.C. § 300aa-16(a)(2).[7]

Mr. Ling contends that the court should equitably toll the deadline because he was in prison when he received the vaccination and has had difficulty obtaining records. While the Vaccine Act's statute of limitations may be equitably tolled, that does not mean that Mr. Ling may benefit from such tolling. First, there is nothing about having been incarcerated that is an extraordinary circumstance or prevented Mr. Ling from filing his petition for review. This court frequently receives petitions and complaints from incarcerated plaintiffs. Second, even if his incarceration could have prevented his filing, Mr. Ling has not shown why his incarceration, which ended in 2013, prevented him from filing this petition until 2024. Third, to the extent that Mr. Ling believes that his pro se status makes it difficult to comply with deadlines, that does not excuse missing a filing deadline by years. *See Ling IV*, WL 8447276, at *3 ("Although we recognize that Ling is not an attorney and that he is not fully acquainted with court rules and appellate procedures, the Supreme Court has instructed courts to enforce procedural rules even against pro se litigants who may not be familiar with them."). Finally, Mr. Ling's own litigation history shows that equitable tolling does not apply—he has filed three petitions in the years since 2013, clearly showing that he has been able to file all along. Indeed, *Ling I* was timely-filed in 2014. Because Mr. Ling has not shown any extraordinary circumstances that prevented his timely filing as required to invoke equitable tolling, that doctrine does not save his untimely petition.

3. The Chief Special Master reasonably concluded that Mr. Ling failed to come forward with sufficient evidence to substantiate his claim.

In addition to being untimely, which alone is sufficient for dismissal, the Chief Special Master also concluded that Mr. Ling "has not provided any sufficient persuasive evidence, such as medical records, treater statements, or expert input, establishing that the alleged injury that Petitioner experienced could have been caused by the vaccination received." ECF No. 18 at 3. Mr. Ling contends that he has put forward sufficient evidence of his claimed injury, relying on the evidence he submitted in prior cases and a note from a doctor that attributes his injuries to the 2011 flu vaccination. ECF No. 20 at 2, 8.

The Chief Special Master did not say there was no evidence; he said there was not *sufficient* evidence linking Mr. Ling's alleged injury to the vaccination. ECF No. 18 at 3. That conclusion was not arbitrary or capricious. The only evidence that Mr. Ling presents that links his alleged injury to the 2011 influenza vaccination is a July 23, 2025, note from a doctor that states (in its entirety): "This letter is in reference to the above name [sic] patient. Mr. Ling continues to have chronic pain and fatigue, these symptoms were caused by a vaccine injury

[7] Even if the court considered timeliness based on changes to the Table, Mr. Ling's petition was untimely. Under 42 U.S.C. § 300aa-16(b), if there are changes to the Table that allow someone to recover that was not previously eligible, a claim must be filed within two years of the change to the Table. In *Ling II*, Mr. Ling claimed that 2015 changes to the Table regarding GBS following an influenza vaccination allowed his claim. *Ling II*, 2019 WL 2606774, at *3. Even if § 300aa-16(b) applied here, Mr. Ling's claim would still be years too late.

many years ago, [sic] At this time, he is unable to return to work due to severity of symptoms. If you have any questions, please contact the office" via telephone. ECF No. 20 at 8.

As an initial matter, the Chief Special Master is not required to credit this opinion. *K.L. v. Sec'y of Dep't of Health & Hum. Servs.*, 134 Fed. Cl. 579, 601 (2017) ("[A] Special Master does not need to credit 'expert opinion testimony that is connected to the existing data or methodology 'only by the ipse dixit of the expert,' or where 'there is simply too great an analytical gap between the data and the opinion proffered.'") (quoting *Jarvis v. Sec'y of Health & Hum. Servs.*, 99 Fed. Cl. 47, 61 (2011) (cleaned up). In any event, this doctor's note does not diagnose Mr. Ling with his claimed injury—GBS. In fact, it does not diagnose Mr. Ling with anything; it simply states that Mr. Ling has experienced "chronic pain and fatigue" that were "caused by a vaccine injury many years ago." ECF No. 20 at 8. There is no explanation connecting the claimed harm to the vaccination other than the doctor's note saying so—pure ipse dixit. Considering Mr. Ling's prior cases making clear that no doctor treating Mr. Ling at any time in the 14 years between the 2011 vaccination and this doctor's note was willing to diagnose Mr. Ling with GBS or tie his claimed injury to his 2011 vaccination, the Chief Special Master's finding Mr. Ling's evidence insufficient was rational. Thus, the court finds no error in the alternative holding that Mr. Ling has failed to provide sufficient evidence to support his claim.

### C. To ensure full consideration, the court considers whether Mr. Ling's petition justifies relief under RCFC 60(b).

In his initial petition, Mr. Ling asserts that he seeks to remedy a "manifest injustice," which indicates that he may be seeking relief from the *Ling III* judgment. ECF No. 1 at 3.[8] In fact, among the relief Mr. Ling seeks is the "*[r]eopening of the vaccine injury case* based on newly recognized rights under the amended Vaccine Injury Table." *Id.* at 5 (emphasis added). Because manifest injustice or newly discovered evidence may justify relief under RCFC 60(b), the court considers whether such relief is warranted. A RCFC 60 motion for relief from *Ling III*'s judgment is properly heard by this court in the first instance. Vaccine Rule 36(a)(1).[9] RCFC 60(b) provides that, in certain circumstances, "the court may relieve a party or its legal representative from final judgment[.]" The court considers Mr. Ling's motion under two provisions.

First, because he asserts "newly discovered rights," the court considers his motion under RCFC 60(b)(2), which allows relief based on "newly discovered evidence." As an initial matter, RCFC 60(b) does not, by its terms, apply to newly discovered legal claims that Mr. Ling appears to be asserting. In any event, the motion is not timely as to newly discovered evidence. "A motion under RCFC 60(b) must be made within a reasonable time—and for reasons (1), (2), and

[8] RCFC 59 also allows for reconsideration to correct a manifest injustice. But a motion under RCFC 59 must be filed no later than 28 days after the final judgment. RCFC 59(e). Here, Mr. Ling's motion comes roughly three years after the entry of the *Ling III* judgment, meaning it is untimely under RCFC 59(e). *E.g., Progressive Indus., Inc. v. United States*, 888 F.3d 1248, 1252–55 (Fed. Cir. 2018).

[9] Because the undersigned heard *Ling III*, the undersigned is the proper judge to consider a RCFC 60(b) motion under Vaccine Rule 36.

(3) no more than a year after the entry of the judgment or order or the date of the proceeding." RCFC 60(c). And "[t]he court must not extend the time to act under RCFC 52(b), 59(b), (d), and (e), and 60(b)." RCFC 6(b)(2); *JGB Enters., Inc. v. United States*, 71 Fed. Cl. 468, 470 (2006) ("The one-year limitation period, therefore, strictly bars any motion for relief under RCFC 60(b)(1), (2), or (3) filed more than one year after the entry of judgment.").

Mr. Ling's assertion of "newly discovered rights under the amended Vaccine Injury Table" cannot support post-judgment relief under RCFC 60(b)(2). Because Mr. Ling did not file a timely motion for review in this court in *Ling III*, the Clerk's Office entered judgment on September 17, 2021. Case No. 20-61, ECF No. 31. This court then dismissed Mr. Ling's motion for review as untimely on March 3, 2022. Case No. 20-61, ECF No. 38. This court then denied reconsideration on April 12, 2022. Case No. 20-61, ECF No. 40. This court did not enter judgment because the Clerk had already entered final judgment in this case and this court's review was akin to a motion to reconsider. Case No. 20-61, ECF No. 31. Mr. Ling did not file his motion in this case until November 1, 2024, ECF No. 1, more than three years after the entry of judgment in *Ling III*. Thus, to the extent that the Petition is construed as a motion for relief from judgment under RCFC 60(b)(2), that motion is denied as untimely.

The same holds true if the court considers the 2025 doctor's note. ECF No. 20 at 8. As explained above, there is nothing about this note that would change the outcome of *Ling III*, given that Mr. Ling's medical providers treating him at the time declined to diagnose him with GBS. Nor does Mr. Ling ever explain why he could not have gotten this doctor's note sooner—*i.e.*, why the note is "evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b)." RCFC 60(b)(2). In the end, even if it were newly discovered under the rule, the mere fact that a doctor is now willing to link the 2011 vaccine with chronic pain (albeit without any diagnosis or explanation of the connection), that is not the kind of newly discovered evidence that would justify reopening this case. *See Schulz v. Sec'y of Health & Hum. Servs.*, No. 19-1863, 2026 WL 1133055, at *13 (Fed. Cl. Feb. 25, 2026), (denying reconsideration based on a new doctor's linking an alleged injury to a vaccination when other doctors considered the alleged injury to be caused by something else), *appeal docketed*, No. 26-2129 (Fed. Cir. filed Aug. 11, 2016). Indeed, not even this doctor diagnosed Mr. Ling with GBS, which is his alleged injury. That is, Mr. Ling is still seeking to recover for an injury for which no doctor has ever diagnosed him.

Next, the court considers Mr. Ling's motion under RCFC 60(b)(6), which is a "catch-all" provision that allows the court to grant relief for "any other reason that justifies relief." *Q Integrated Companies, LLC v. United States*, 131 Fed. Cl. 125, 131–32 (2017). At the outset, the court recognizes two significant limitations on RCFC 60(b)(6): "(1) the grounds asserted for relief must not be the same as those listed in [RCFC] 60(b)(1)–(5), and (2) there must be a valid reason that justifies affording the relief, usually broadly described as 'extraordinary circumstances.'" *Infiniti Info. Sols., LLC v. United States*, 93 Fed. Cl. 699, 704 (2010) (citing *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1382 (Fed. Cir. 2002)). Thus, the court does not consider whether any newly discovered evidence justifies relief under RCFC 60(b)(6).

Mr. Ling has not established a manifest injustice resulting from *Ling III* or extraordinary circumstances sufficient to justify relief under RCFC 60(b)(6). Mr. Ling contends that "[t]he prison medical staff failed to adequately diagnose or treat the petitioner following his adverse

reactions. Instead, they erroneously attributed his symptoms to mental health issues, thereby denying him necessary medical care and treatment." ECF No. 1 at 2. And Mr. Ling claims that after he got out of prison that he "encountered further medical negligence. New doctors, including Dr. Hanz Hercule at the Lincoln Neighborhood Center Clinic, exhibited a lack of understanding regarding vaccine injuries and refused to provide appropriate treatment and diagnosis." *Id.* at 3. To the extent that Mr. Ling believes that doctors failed to properly treat him, that is the basis for a claim against the doctors, not the Vaccine Injury Compensation Program. The question here is whether he has shown by a preponderance of the evidence that he was injured by a vaccination that he received. 42 U.S.C. § 300aa-12(d)(3)(A).

To the extent that Mr. Ling complains that the Special Master and this court failed to administer the program properly in *Ling III* because it was too adversarial and did not provide him "generous compensation," that is not a basis for relief under RCFC 60(b)(6). The special masters and this court, as explained above, may only grant an award based on medical opinion and records, not Mr. Ling's understanding of his medical records that contradict his medical providers. It is not enough that Mr. Ling sincerely believes that his 2011 vaccination caused his claimed injuries. The Vaccine Act provides that a petitioner may not recover "based on the claims of a petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). And as explained above, Mr. Ling still has not come forward with a medical opinion that he has (or ever had) GBS—the injury he claims.

Mr. Ling also complains that he was denied due process by not being allowed to subpoena the doctors that did not provide him with what he considers a proper diagnosis. ECF No. 1 at 4. Mr. Ling has not explained what he hoped to obtain from issuing subpoenas to the doctors that declined to diagnose him with GBS. In any event, the way to show that the doctors were wrong would have been to get another doctor to diagnose him with GBS and explain the basis for connecting the 2011 vaccination to GBS even though other doctors would not. That at least would have created basis on which the special master could have evaluated the petition. But when the only thing in the record was doctors declining to diagnose Mr. Ling with his claimed injury, there was no basis to find him eligible for an award.

Finally, Mr. Ling asserts "[r]ecent updates [to the Table] have recognized GBS as a compensable injury related to the influenza vaccine, allowing for the reopening of previously dismissed cases." *Id.* at 4. But there have not been any updates to the Table regarding GBS since *Ling III*. The changes to the Table related to GBS and the influenza vaccine were made in 2015, long before *Ling III*. *See* Countermeasures Injury Compensation Program: Pandemic Influenza Countermeasures Injury Table, 80 FR 47411(Aug. 7, 2015). Mr. Ling was clearly aware of these changes; they were the basis of *Ling II*. Further, the Department of Health and Human Services published the most recent final rule amending the Table on December 2, 2021. *See* National Vaccine Injury Compensation Program: Adding the Category of Vaccines Recommended for Pregnant Women to the Vaccine Injury Table, 86 FR 68423 (Dec. 2, 2021). And these changes had nothing to do with the influenza vaccine or GBS. In the end, the court cannot find any change in the Table that could support Mr. Ling's motion.

Thus, even if the court construes Mr. Ling's petition as a motion for relief from *Ling III* under RCFC 60(b), the court denies that motion because Mr. Ling has not identified an extraordinary circumstance justifying relief.

## IV. Conclusion

For these reasons, the court:

(1) **VACATES** the judgment entered September 22, 2025, ECF No. 21;

(2) **GRANTS** the Petitioner's motion to construe his motion for reconsideration, ECF No. 23, as a timely motion for review under 42 U.S.C. § 300aa-12(e), ECF No. 30;

(3) **GRANTS-IN-PART** the Petitioner's motion for review, ECF No. 23, insofar as it moves the court to vacate the anti-filing order and **DENIES-IN-PART** in all other respects;

(4) **DENIES-IN-PART** the Secretary's motion to dismiss, ECF No. 34, insofar as it opposes the motion to construe the motion for reconsideration a timely motion for review, and **GRANTS-IN-PART** insofar as it moves the court to SUSTAIN the Chief Special Master's dismissal;

(5) **SUSTAINS** the Chief Special Master's dismissal of the Petition as untimely and failing to establish a compensable injury, but **VACATES** the anti-filing order, ECF No. 18. The Clerk's Office is directed to disregard the anti-filing order the Chief Special Master issued in this case and remove it from any register of anti-filing orders maintained by the Clerk's Office;

(6) **DENIES** as moot Petitioner's motion to clarify and to accept the 2025 notice of appeal as timely filed, ECF No. 25; and

(7) Directs the Clerk's Office to enter judgment accordingly.

It is so ORDERED.

s/ Edward H. Meyers
Edward H. Meyers
Judge